# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: OAKLAND

FILED
25 August 2026
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

MEGAN HALL-GREENBERG, HEATHER MORGAN,
AND JEFFREY GREENBERG,

DEFENDANT(S).

# INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;
18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;
18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity;
18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. § 981(a)(1)C) and 28 U.S.C. 2461(c);
18 U.S.C. § 982(a)(2) – Forfeiture Allegation

A true bill.

/s/ Foreperson of the Grand Jury
Foreman

Filed in open court this 25th day of

August, 2026.

Ana Garcia
Clerk

Bail, $ No Bail - Summons

Hon. Thomas S. Hixson, U.S. Magistrate Judge

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

FILED

25 August 2026
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MEGAN HALL-GREENBERG, HEATHER MORGAN, and JEFFREY GREENBERG,<br><br>Defendants. | CASE NO. 4:26-cr-00427 AMO<br><br>VIOLATIONS:<br>18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;<br>18 U.S.C. § 1343 – Wire Fraud;<br>18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;<br>18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity;<br>18 U.S.C. § 2 – Aiding and Abetting;<br>18 U.S.C. § 981(a)(1)C) and 28 U.S.C. 2461(c);<br>18 U.S.C. § 982(a)(2) – Forfeiture Allegation<br><br>OAKLAND VENUE |

# INDICTMENT

The Grand Jury charges:

## Introductory Allegations

At all times relevant to this Indictment, unless otherwise specified:

1. MEGAN HALL-GREENBERG was a resident of Washougal, Washington, and was the owner and executive director of Surro Connections Inc., a company that provided surrogacy services for intended parents.

2. HEATHER MORGAN was a resident of Camas, Washington, and the business manager for Surro Connections.

3. JEFFREY GREENBERG was a resident of Washougal, Washington, and the spouse of HALL-GREENBERG. At all times relevant to this Indictment, JEFFREY GREENBERG operated an auto repair business in Portland, Oregon (hereinafter, "Auto Repair Company 1").

4. Surro Connections was a company incorporated in the State of Oregon and based in Portland, Oregon, and later in Camas, Washington. Surro Connections provided services to individuals and couples seeking to have a child (hereinafter, "intended parent(s)") in partnership with a surrogate who agrees to carry the child to term for the intended parents. Surro Connections helped intended parents and surrogates with legal, medical, travel, and other matters related to the surrogacy process. Surro Connections referred to this process as a surrogacy journey.

5. Surro Connections charged clients tens of thousands of dollars for their services. Surro Connections also collected and held funds, often totaling over $100,000 per intended parent(s), in escrow, that were to be used to cover the costs of the surrogacy journey, including legal fees, medical costs, compensation to surrogate(s), travel, and other costs. Surro Connections represented, in writing, and the company's escrow agreements represented, that these escrow funds would be used only for authorized payments related to the costs of the surrogacy.

6. Surro Connections controlled and used multiple bank accounts, including the following:

a. Wells Fargo Bank account number ending in 4649 (hereinafter, "Surro Escrow-4649").

b. Wells Fargo Bank account number ending in 0351 (hereinafter, "Surro-0351").

7. MEGAN HALL-GREENBERG and HEATHER MORGAN both had authority to access the Surro Escrow-4649 and Surro-0351 accounts, the ability to see the current account balances for each account, and the authority to transfer funds into and out of both accounts.

8. MEGAN HALL-GREENBERG controlled and used multiple personal bank accounts, including Wells Fargo Prime Checking Account number ending in 4631 (hereinafter "Hall-Greenberg Revocable Trust-4631").

9. MEGAN HALL-GREENBERG and JEFFREY GREENBERG controlled, accessed, and used at least one joint bank account, specifically a Wells Fargo Bank account number ending in 9231 (hereinafter "Hall-Greenberg Joint Account-9231").

10. JEFFREY GREENBERG and MEGAN HALL-GREENBERG controlled, accessed and used a bank account at Wells Fargo Bank, account number ending in 2341 in the name of JEFFREY GREENBERG's auto repair company (hereinafter, "Auto Repair Co.-2341"). Both MEGAN HALL-GREENBERG and JEFFREY GREENBERG had authority to transfer funds into and out of the Auto Repair Co.-2341 account.

<u>COUNT ONE</u>: (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

11. Paragraphs 1 through 10 of this Indictment are re-alleged and incorporated as if fully set forth here.

12. Beginning on a date unknown, but no later than on or about August 2023, and continuing until on or about December 5, 2025, in the Northern District of California and elsewhere, the defendants,

MEGAN HALL-GREENBERG,
HEATHER MORGAN, and
JEFFREY GREENBERG,

did knowingly conspire to devise and intend to devise a scheme and artifice to defraud as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts, and, for the purpose of executing such scheme or artifice and attempting to do so, did transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

13. The object and purpose of the conspiracy and scheme was to obtain money from intended parent clients of Surro Connections, to deceive those intended parents into continuing to provide money to Surro Connections, and to discourage them from seeking the return of funds that Surro Connections was representing were being held in escrow for them.

Manner and Means of the Conspiracy

MEGAN HALL-GREENBERG, HEATHER MORGAN, and JEFFREY GREENBERG used the following manner and means, among others, in furtherance of the conspiracy and scheme to defraud:

14. Beginning no later than August 2023, MEGAN HALL-GREENBERG, HEATHER MORGAN, and JEFFREY GREENBERG engaged in a scheme and conspiracy to misappropriate monies belonging to intended parent clients of Surro Connections, and to conceal the misappropriation through false and fraudulent pretenses, representations, false promises, omissions, and concealment of material facts.

15. As part of the scheme and conspiracy, MEGAN HALL-GREENBERG, HEATHER MORGAN, and JEFFREY GREENBERG conspired to divert and use incoming payments from one intended parent or parents to cover costs already incurred by another intended parent.

16. As further part of the scheme and conspiracy, MEGAN HALL-GREENBERG and HEATHER MORGAN intentionally made and caused to be made false representations to intended parent clients of Surro Connections that their funds were being held in an escrow account and these "account balances" were available to cover expenses and costs of their surrogacy journeys.

17. As further part of the scheme and conspiracy MEGAN HALL-GREENBERG, HEATHER MORGAN , and JEFFREY GREENBERG conspired to use over three dozen credit cards obtained by defendants HALL-GREENBERG and GREENBERG to cover payments and bills that could not be paid because the funds had been misappropriated from the Surro escrow account.

18. As further part of the scheme and conspiracy, MEGAN HALL-GREENBERG and JEFFREY GREENBERG obtained over $4.7 million in loans or cash advances from multiple lenders, and MEGAN HALL-GREENBERG, HEATHER MORGAN , and JEFFREY GREENBERG used and conspired to use loan funds to cover costs for Surro Connections clients that could not be paid because the funds had been misappropriated from the Surro escrow account.

19. Throughout the conspiracy and scheme to defraud, MEGAN HALL-GREENBERG and JEFFREY GREENBERG spent over $1 million dollars in proceeds misappropriated from Surro Connections on personal expenses, travel and gambling debts, including payments for multiple cruises, a vacation at an adults-only resort in Mexico, and for trips to Las Vegas. In addition, MEGAN HALL-

GREENBERG and JEFFREY GREENBERG spent over $60,000 on luxury items, including Louis Vuitton purses, Bucherer, Rolex and LVMH watches, and for purchases of diamonds and other jewelry. From 2023 to 2025, MEGAN HALL-GREENBERG and JEFFREY GREENBERG wagered over $1.1 million at casinos in Washington State, Las Vegas, and on board cruises, incurring at least $367,000 in gambling losses.

20. MEGAN HALL-GREENBERG also misappropriated over $300,000 in Surro Connections funds to cover expenses and related to her operation and/or ownership of multiple cheerleading gyms.

21. At the time of Surro Connections' collapse in December 2025, the company had over 400 intended parent clients and was supporting over 170 surrogates, at least 70 who were pregnant at the time.

<u>Overt Acts</u>

22. To further the conspiracy and effect the objects thereof, the following overt acts, among others, were performed by the named conspirators in the Northern District of California and elsewhere:

a. On or about November 28, 2023, HEATHER MORGAN signed or caused to be signed a Holding Funds Agreement with intended parent victims B.B. and C.T. The agreement stated that Surro Connections, as the fund manager, would only release funds after confirmation of payment of authorized services had been received.

b. On or about December 6, 2023, intended parent victims B.B. and C.T. paid $15,555 to Surro Connections to cover expenses associated with their surrogacy journey.

c. On or about May 7, 2024, intended parent victim M.S. transferred $37,036 into the Surro Escrow-4649 account, a payment M.S. intended and believed would be held in escrow and used to cover expenses related to his surrogacy journey.

d. On or about May 7, 2024, MEGAN HALL-GREENBERG transferred or caused to be transferred $57,500 from Surro Escrow-4649 into her personal checking account, Hall-Greenberg Revocable Trust-4631.

e. On or about May 7, 2024, MEGAN HALL-GREENBERG texted JEFFREY GREENBERG: "Wire came in early. $14k in joint account."

f. On or about July 31, 2024, HEATHER MORGAN signed or caused to be signed a "Fund Management Contract" with intended parent victim K.B. that stated that Surro Connections would create a trust account "to manage expected fee and expense payments in accordance with a Surrogacy Agreement" and that "[t]he Fund Manager will release funds only when confirmation of services . . . has been provided or requested." The contract further stated that as the fund manager, Surro Connections' duties included "the safekeeping of such funds."

g. On or about August 5, 2024, intended parent victim K.B. wired or caused to be wired $54,372.65 into Surro Escrow-4649, a payment K.B. intended and believed would be held in escrow and used to cover expenses related to his surrogacy journey.

h. On or about August 5, 2024, MEGAN HALL-GREENBERG transferred or caused to be transferred $125,000 from Surro Escrow-4649 into her personal checking account, Hall-Greenberg Revocable Trust-4631.

i. On or about December 11, 2024, MEGAN HALL-GREENBERG texted JEFFREY GREENBERG about intended parent payments being delayed: "Wire hasn't hit yet. My fucking chest hurts again."

j. On December 16, 2024, MEGAN HALL-GREENBERG texted JEFFREY GREENBERG: "Sent over $15k for now to the . . . account for GAC."

k. On or about February 4, 2025, intended parent victim K.B. wired or caused to be wired $34,188 into Surro Escrow-4649, a payment K.B. intended and believed would be held in escrow and used to cover expenses related to his surrogacy journey.

l. On or about February 4, 2025, MEGAN HALL-GREENBERG texted JEFFREY GREENBERG: that intended parent victim "[K.B.] sent full amount!" GREENBERG loved the message. That same day, MEGAN HALL-GREENBERG texted JEFFREY GREENBERG, "I will transfer $20k to joint now."

m. On or about March 5, 2025, HEATHER MORGAN signed or caused to be signed an Escrow Management Contact with intended parent victims B.B. and C.T in which

B.B. and C.T. agreed to pay $66,000 into a Surro Connections trust account. The contract stated that the trust account was to be used to "manage expected fee and expense payments" and that as the Fund Manager, Surro Connections "will release funds only when confirmation of service from the agency, attorney, or clinic has been provided or requested."

n. On or about March 6, 2025, HEATHER MORGAN texted MEGAN HALL-GREENBERG "[Victim B.B.] and [Victim C.T.] will send wire today or tomorrow. Got legal clearance today." MEGAN HALL-GREENBERG replied: "Omfg! Let's fuck go!! I was about to have a meltdown!."

o. On or about March 6, 2025, HEATHER MORGAN texted MEGAN HALL-GREENBERG "[Victim B.B.] and [Victim C.T.] sent last night so hopefully will be here today." MEGAN HALL-GREENBERG replied: "if it's a wire, should be here any minute. I have to pay back [JEFFREY GREENBERG's Auto Repair Company 1] but we will figure it out when it lands."

p. On or about March 7, 2025, intended parent victim B.B. wired or caused to be wired $65,452.27 into Surro Escrow-4649, a payment B.B. intended and believed would be held in escrow and used to cover expenses related to his surrogacy journey.

q. On or about March 7, 2025, MEGAN HALL-GREENBERG wired or caused to be wired $55,000 from Surro Escrow-4649 into her personal checking account, Hall-Greenberg Revocable Trust-4631.

r. On or about March 10, 2025, HEATHER MORGAN sent or caused to be sent an email to victims C.T. and B.B. which stated: "Your funds have arrived on this end. I have included a confirmation below for you."

s. On or about April 13, 2025, MEGAN HALL-GREENBERG sent an email to intended parent victim M.C. about Surro Connection's escrow account, "[w]e are licensed, bonded and insured and manage the escrow transparently through Google Docs where you and your GC can see the accounting at all times."

t. On or about April 16, 2025, HEATHER MORGAN signed a Surro Connections document title "Escrow Management Agreement" with intended parent victim M.C. The contract represented that Surro Connections, as the Fund Manager holding the intended parents' escrow funds, "will release funds only when confirmation of services from the agency, attorney, or clinic has been provided or requested." The agreement further stated that Surro Connections' "duty hereunder shall be limited to the safekeeping of such funds."

u. On or about July 16, 2025, HEATHER MORGAN emailed or caused to be emailed an account statement to victim K.B. that stated that the "available balance" in K.B.'s escrow account was $32,378. On that date, the balance in the Surro Escrow-4649 account that day was 33 cents.

v. On or about September 11, 2025, HEATHER MORGAN sent an email to intended parent victim K.B. that stated that the "available balance" in K.B.'s escrow account was $18,466.13. On that date, the balance in the Surro Escrow-4649 account that day was $10.87.

w. On or about December 5, 2025, MEGAN HALL-GREENBERG sent or caused to be sent an email to Surro Connections intended parents and surrogates that stated that "due to financial and operational difficulties" the company was ceasing operations immediately and that Surro Connections "has no ability to provide any further performance pursuant to any contractual or other Company obligations."

<u>COUNTS TWO THROUGH NINE</u>: (18 U.S.C. § 1343 – Wire Fraud)

23. Paragraphs 1 through 23 of this Indictment are re-alleged and incorporated as if fully set forth here.

24. Beginning at a date unknown, but no later than August 2023, and continuing through at least December 5, 2025, in the Northern District of California and elsewhere, the defendants,

MEGAN HALL-GREENBERG,

HEATHER MORGAN, and

JEFFREY GREENGERG,

knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts.

THE USE OF THE WIRES/EXECUTION OF THE SCHEME

25. On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so, the defendants,

MEGAN HALL-GREENBERG,

HEATHER MORGAN, and

JEFFREY GREENBERG,

did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds; specifically:

| Count | Date | Item Wired |
|---|---|---|
| TWO | 8/5/2024 | $54,372.62 interstate wire transfer on behalf of intended parent K.B. from Chase Bank account no. ending in 6279 in the Northern District of California to Surro Connections' Wells Fargo account Surro-4649. |
| THREE | 5/7/2024 | $37,036 interstate wire transfer on behalf of intended parent M.S. from Charles Schwab account no. ending in 8920 in the Northern District of California to Surro Connections' Wells Fargo account Surro-4649. |
| FOUR | 2/4/2025 | $34,188 interstate wire transfer on behalf of intended parent K.B. from Chase Bank account no. ending in 6279 in the Northern District of California to Surro Connections' Wells Fargo account Surro-4649. |
| FIVE | 1/17/2025 | Gmail email from HEATHER MORGAN in Camas, Washington sent to intended parent victim M.C. in San Francisco, California. |
| SIX | 1/21/2025 | $10,450 interstate wire transfer on behalf of intended parent M.C. from Citibank account no. ending in 4488 in the Northern District of California to Surro Connection's Wells Fargo account Surro-0351. |
| SEVEN | 8/7/2025 | Gmail email sent from HEATHER MORGAN in Camas, Washington, to intended parent victims A.G. and J.M. in Oakland, California. |
| EIGHT | 8/13/2025 | $34,232.35 interstate wire transfer on behalf of intended parents A.G. and J.M. from USAA account no. 7291 in the Northern District of California to Surro Connections' Wells Fargo account Surro-0351. |

| Count | Date | Item Wired |
|---|---|---|
| NINE | 9/11/2025 | Gmail email sent from HEATHER MORGAN in Camas, Washington, to intended parent K.B. in Oakland, California. |

All in violation of Title 18, United States Code, Section 1343.

COUNT TEN: (18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering)

26. Paragraphs 1 through 26 of this Indictment are re-alleged and incorporated as if fully set forth herein.

27. From on or about May 7, 2024, and continuing through a date unknown, but no earlier than August 5, 2024, defendants:

MEGAN HALL-GREENBERG, and

JEFFREY GREENBERG,

did knowingly combine, conspire, confederate and agree with each other and others known and unknown to the grand jury to commit offenses under Title 18, United States Code, Section 1957, to wit; to knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000; that is, the deposit, withdrawal, transfer and exchange of United States currency, funds, monetary instruments, such property having been derived from specified unlawful activity; that is, wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, in violation of Title 18, United States Code, Section 1957, all in violation of Title 18, United States Code Section 1956(h).

Manner and Means of the Conspiracy

The manner and means by which defendants MEGAN HALL-GREENBERG and JEFFREY GREENBERG sought to accomplish the objectives of the conspiracy included, among other things, the following:

28. MEGAN HALL-GREENBERG and JEFFREY GREENBERG, through bank accounts they controlled, knowingly transferred criminally derived proceeds of wire fraud and conspiracy to commit wire fraud; to wit, monies that had been misappropriated from the Surro Escrow-4649 and Surro-0351 bank accounts, into their personal bank accounts, including the Hall-Greenberg Joint

Account-9231, as well as to JEFFREY GREENBERG's auto repair business account, Auto Repair Co.-2341 account.

Overt Acts

29. To further the conspiracy and effect the objects thereof, the following overt acts, among others, were performed by the named conspirators in the Northern District of California and elsewhere:

a. On or about May 7, 2024, MEGAN HALL-GREENBERG transferred or caused to be transferred $35,000 from the Hall-Greenberg Revocable Trust-4631 account to the Hall-Greenberg Joint Account-9231.

b. On or about May 7, 2024, MEGAN HALL-GREENBERG texted JEFFREY GREENBERG: "Moved 35k to joint acct." JEFFREY GREENBERG "loved" the message.

c. On or about May 7, 2024, MEGAN HALL-GREENBERG and JEFFREY GREENBERG transferred and caused to be transferred $30,000 from the Hall-Greenberg Joint Acount-9231 into Auto Repair Co.-2341 account.

d. On or about August 5, 2024, MEGAN HALL-GREENBERG transferred or caused to be transferred $30,000 from the Hall-Greenberg Revocable Trust-4631 account into the Hall-Greenberg Joint Account-9231.

e. On or about August 5, 2024, MEGAN HALL-GREENBERG texted JEFFREY GREENBERG: "Just transferred $30k to joint account."

f. On or about August 5, 2024, JEFFREY GREENBERG and MEGAN HALL-GREENBERG transferred and caused to be transferred $30,000 from the Hall-Greenberg Joint Acount-9231 into the Auto Repair Co.-2341 account.

COUNTS ELEVEN to FOURTEEN: (18 U.S.C. §§ 1957 and 2 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, Aiding and Abetting)

30. Paragraphs 1 through 30 of this Indictment are re-alleged and incorporated as if fully set forth here.

31. Among other transaction, on or about the dates set forth below, in the Northern District of California and elsewhere, the defendants:

MEGAN HALL-GREENBERG, and

JEFFREY GREENBERG,

did knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, specifically, the deposit, withdrawal, transfer, and exchange of United States currency, funds, and monetary instruments, such funds having been derived from the specified unlawful activity of wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349;

| Count | Date | Monetary Transaction |
|---|---|---|
| ELEVEN | 5/7/2024 | $35,000 wire transfer from Wells Fargo Hall-Greenberg Revocable Trust-4631 account to Hall-Greenberg Joint Account-9231. |
| TWELVE | 5/7/2024 | $30,000 wire transfer from Hall-Greenberg Joint Account-9231 to Auto Repair Co.-2341. |
| THIRTEEN | 8/5/2024 | $30,000 wire transfer from Wells Fargo Hall-Greenberg Revocable Trust-4631 account to Hall-Greenberg Joint Account-9231. |
| FOURTEEN | 8/5/2024 | $30,000 wire transfer from Hall-Greenberg Joint Account-9231 to Auto Repair Co.-2341. |

All in violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c))

The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and Title 28, United States Code, Section 2461(c).

Upon conviction for any of the offenses set forth in Counts One through Nine of this Indictment, the defendant,

MEGAN HALL-GREENBERG,

HEATHER MORGAN, and

JEFFREY GREENBERG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations or any property traceable to such property, including, but not limited to, a forfeiture money judgment.

Upon conviction for any of the offenses set forth in Counts Ten through Fourteen of this Indictment, the defendant,

MEGAN HALL-GREENBERG, and

JEFFREY GREENBERG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) all property, real or personal, involved in such offenses, or any property traceable to such property including, but not limited to, a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

//

//

//

//

//

//

//

//

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: A TRUE BILL

____/s/________________________
FOREPERSON

CRAIG H. MISSAKIAN
United States Attorney

/S/
______________________________
DAVID WARD
IVANA DJAK
Assistant United States Attorneys